IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SANDRA CLUELY, | : | Case No. 3:12-cv-258 |
| Plaintiff, | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" within the meaning of the Social Security Act and therefore unentitled to Disability Insurance Benefits ("DIB").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 13), the administrative record (doc. 6),[2] and the record as a whole.

**I. BACKGROUND**

**A.**

Plaintiff filed an application for DIB on May 6, 2008, alleging a disability onset date of January 1, 2006. PageID 179-81. Plaintiff claims she is disabled due to multiple impairments including multiple sclerosis ("MS") and arthritis in her back. PageID 220.

---
[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

Following initial administrative denials, Plaintiff received a hearing on January 25, 2011 before ALJ Thomas McNichols, II in Dayton, Ohio. PageID 72-119. On February 18, 2011, ALJ McNichols issued a written decision, concluding that Plaintiff was not disabled. PageID 51-65. Specifically, ALJ McNichols's "Findings" were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011;

2. The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged disability onset date (20 CFR 404.1571 *et seq.*);

3. The claimant has the following severe impairments: multiple sclerosis; problems with incontinence, status post-surgery in August 2008 and June 2009; chronic back pain with mild to moderate degenerative changes of the lumbar spine; history of cognitive disorder; and anxiety (20 CFR 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) except that she must be free to alternate positions between sitting and standing as needed throughout the workday, and she can perform no repetitive lifting of greater than 10 pounds. She can never climb ladders, ropes, or scaffolds; she can climb stairs, balance, stoop, kneel, crouch, and crawl no more than frequently; and she requires ready access to restroom facilities (defined as no exposure to the general public and no assembly line work). She is further limited to low stress jobs (defined as no production quotas and no fast paced work) that involve only simple, 1- or 2-step tasks (requiring little, if any, concentration);[3]

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565);

7. The claimant was born [in] 1963 and was 42 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 CFR 404.1563);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)); and

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2006, through the date of this decision (20 CFR 404.1520(g)).

PageID 53-64 (brackets and footnote added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 42-44. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on July 31, 2012. Doc. 1.

**B.**

At the administrative hearing, Plaintiff testified that her MS symptoms are predominantly mental, rather than physical. PageID 80-81. She has a poor memory, difficulty concentrating and multi-tasking, and does not handle stress well. PageID 81-82, 88, 100. She also takes medication and receives counseling for anxiety and depression. PageID 82, 87-89.

3

Plaintiff further testified that she has arthritis and related pain in her back. PageID 82-83, 93-94. On a scale of one to ten, she rates her pain as a five on a typical day. PageID 93. She sees a pain management doctor for her back. PageID 82-85.

Moreover, Plaintiff testified that she has periodic headaches, which last continuously for two weeks or more. PageID 86-87. She takes pain medication for her headaches. *Id.*

Additionally, Plaintiff reported that she has a history of urinary incontinency. PageID 92. She has undergone surgery, which has helped with the incontinency, but she still needs to use the bathroom frequently. PageID 92-93.

### C.

Brian Wilmer, a vocational expert ("VE"), also testified at the hearing. PageID 111-18. He opined that Plaintiff cannot perform any of her past relevant work. PageID 113-15. However, he testified that a hypothetical individual -- with Plaintiff's vocational profile and the RFC described in Finding No. 5 (a reduced range of light work) -- could perform 4,000 light jobs, and 1,800 sedentary jobs in the regional economy. PageID 115.

## II. APPLICABLE LAW

### A.

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When

substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which [he or she] can act, without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.**

To be eligible for DIB benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from: (1) performing his or her past job; and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments ("the Listings"), 20 C.F.R. Subpart P, Appendix 1?

  4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

  5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. ANALYSIS

On appeal, Plaintiff argues the ALJ erred by: (1) improperly considering the psychological effects of her MS; (2) failing to consider and/or properly evaluate her mental and physical impairments (whether singly or in combination) and thus correctly determine her RFC; and (3) render a decision unsupported by substantial evidence. *See* doc. 9.

### A.

Plaintiff's first assignment of error is unavailing. The ALJ extensively discussed Plaintiff's allegations and the medical records concerning her mental impairments. *See* PageID 57-58, 60-63. Based on this evidence, the ALJ reasonably concluded that Plaintiff "experiences no more than moderate difficulties in mental and cognitive functioning," and appropriately limited her to "low stress work involving only simple, 1- or 2-step tasks." PageID 62. Moreover, the ALJ reasonably determined that the record does not support the suggestion of Plaintiff's counsel -- that Plaintiff would be "off task" more than twenty percent of an eight-hour work day. PageID 63, 116-18.

Further, Plaintiff's specific allegation -- that the ALJ erred in not adopting the medical opinion of a consultative examining psychologist, Christopher Ward, Ph.D., in its entirety -- has

6

no merit. *See* doc. 9 at PageID 782-84. Plaintiff acknowledges that Dr. Ward does not qualify as a treating source under Social Security regulations.[4] *See id.* The ALJ was thus not required to explicitly state "good reasons" for discounting Dr. Ward's opinion in his decision, as is necessary when weighing a treating source's opinion. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-76 (6th Cir. 2007). Nonetheless, the ALJ was required to weigh Dr. Ward's opinion by considering certain factors -- *i.e.*, the extent of the evidence offered in support of the opinion; and how consistent the opinion is with the record as a whole. *See* 20 C.F.R. § 404.1527(c); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76, 379-80 (6th Cir. 2013).

Dr. Ward examined Plaintiff in September 2008. PageID 453-58. He opined that she is "slightly impaired" in her ability to relate to others; "slightly impaired" in her ability to understand, remember, and follow simple instructions; "markedly impaired" in her ability to maintain attention, concentration, persistence, and pace; and "markedly impaired" in her ability to withstand the stress and pressure associated with day-to-day work activity. PageID 457.[5]

After fully considering Dr. Ward's opinion, the ALJ declined to adopt his latter two findings of "marked impairments" based on the following rationale:

> [T]he undersigned gives less weight to Dr. Ward's opinion that the claimant was markedly impaired in maintaining attention and persistence and in stress tolerance because it appears he based this limitation on the claimant's subjective complaints when the objective findings indicated otherwise. As discussed above, Dr. Ward

---

[4] A treating source's opinion is entitled to special treatment under Social Security regulations. To qualify as a treating source, a doctor must have an ongoing treatment relationship with the claimant, seeing him or her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation that is typical for the treated condition(s).'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (brackets omitted). The opinion of a treating physician must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). Further, the ALJ is required to provide "good reasons" in his or her decision for the weight given to a treating source's opinion. *Blakley*, 581 F.3d at 406-07.

[5] "Marked" limitations are suggestive of a disability, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991), but "mild" and "moderate" functional limitations are generally considered "non-disabling." *See Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011).

>specifically reported that the claimant exhibited adequate remote recall, above average short-term memory, and adequate attention and concentration skills. Further, such marked limitations are inconsistent with Dr. Ward's GAF score assignment of 51, which indicates no more than moderate difficulty in social or occupational functioning (see Exhibit 12F). Further, the claimant stated that she enjoyed, among other things, working on her computer and puzzles. She implied at the hearing that she could no longer perform these activities but could still read, albeit with some comprehension difficulty.

PageID 62. Additionally, the ALJ found that Dr. Ward's opinion was inconsistent with the opinion of Bill Smith, Ph.D., a consultative psychologist who examined Plaintiff three times between January and March 2007, performing a series of psychological and cognitive tests on her. *See* PageID 62, 359-69. Dr. Smith prepared a thorough report describing his observations of Plaintiff, and ultimately concluded that Plaintiff had no more than mild mental impairments. *See id.* Moreover, the ALJ noted that two State agency reviewing psychologists disagreed with Dr. Ward's evaluation:

>BDD psychologist Dr. Williams, after reviewing the medical evidence, completed a mental residual functional capacity assessment on September 20, 2008, and she indicated that she gave less weight to Dr. Ward's evaluation because he appeared to underestimate the claimant's cognitive abilities, when compared to other evidence in the record. Dr. Williams offered her opinion that the claimant could perform simple work tasks, routines, social exchanges, and adjustments (Exhibit 13F, pages 1-4). Dr. Orosz reviewed the evidence and affirmed Dr. Williams' assessment on December 22, 2008 (Exhibit 17F, page 1).

PageID 62, 460-62, 489. Accordingly, the ALJ properly considered the relevant factors and explained why he disregarded Dr. Ward's "markedly limited" functional capacity conclusions. *Accord Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514-15 (6th Cir. 2010) (finding the ALJ properly considered the relevant factors in crediting a non-examining source's opinion over an examining source's opinion).

8

B.

Plaintiff's second assignment of error -- that the ALJ failed to consider the combined effects of Plaintiff's physical and mental impairments -- is likewise unpersuasive. *See* doc. 9 at PageID 784-85.  The ALJ does not need to provide a detailed "combined effects" analysis.  *See Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).  Instead, it is sufficient for the ALJ to refer to the claimant's "impairments" (plural) and "combination of impairments," as the ALJ did here, in Finding No. 4.  PageID 54; *accord Loy*, 901 F.2d at 1310; *Smith-Marker v. Astrue*, 839 F. Supp. 2d 974, 983 (S.D. Ohio 2011) (Rose, J.; Newman, M.J.).  Moreover, the ALJ's RFC finding reasonably includes not only physical restrictions, but also mental restrictions -- *e.g.*, Plaintiff's limitation to "low stress jobs (defined as no production quotas and no fast paced work) that involve only simple, 1- or 2-step tasks (requiring little, if any, concentration)."  PageID 56; *see Loy*, 901 F.2d at 1310.

C.

Finally, to the extent Plaintiff makes a general assertion that the ALJ's non-disability finding is unsupported by substantial evidence, that argument has no merit.  Substantial evidence supports the ALJ's finding that Plaintiff's impairments are not disabling.  *See supra.*  It is not the Court's role to sift through the record and make a *de novo* determination of whether or not a claimant is disabled.  *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).  Where, as here, there is substantial evidence supporting the ALJ's resolution of the disputed medical evidence, the Court must affirm the ALJ even if the Court might have resolved such evidence in Plaintiff's favor had it been the trier of fact.  *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987).

9

## IV.  RECOMMENDATION

## IT IS THEREFORE RECOMMENDED THAT:

1. The ALJ's non-disability finding be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and

2. This case be **CLOSED**.

August 1, 2013								**s/ Michael J. Newman**
										United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).